[No. 19160. In Bank. — October 19, 1892.]

DORN & McKEE, TRUSTEES, ETC., APPELLANTS, *v.* J. F. CRANK, RECEIVER, ETC., RESPONDENT.

STREET-RAILWAY — PAVING OF STREET — PETITION OF RECEIVER OF INSOLVENT COMPANY — PROTEST OF BOND-HOLDERS — APPEAL FROM ORDER — SUPERSEDEAS — PREMATURE APPLICATION. — Where the receiver of an insolvent street-railway company, in order to provide funds for the paving of the public street between its tracks, as required by law, presented a petition to the court, accompanied by a contract for the paving, which provided for payment in cash, or in receiver's certificates to be issued by the court, against the issuance of which certain holders of mortgage bonds protested, and asked that in case the certificates were issued they should be made subordinate to the liens securing the bonds, and the court denied the protest, and directed the acceptance of a bid for the work, and approved the contract providing for the issuance of receiver's certificates, but did not direct the issuance of any certificate, nor refuse to declare that the receiver's certificates, if issued, should be subordinate to the liens securing the bonds, such bond-holders are not entitled to a writ of *supersedeas* to stay the issuance of the certificates pending an appeal by them from the order of the trial court, the application therefor being premature.

APPLICATION to the Supreme Court for a writ of *supersedeas*. The facts are stated in the opinion of the court.

*John D. Pope*, for Appellants.

*W. P. Gardiner*, for Edward W. Russell, Intervener.

*John D. Bicknell, Wilson & Lamme, J. H. Polk,* and *J. S. Smith,* for Respondent.

PATERSON, J. — The property of the Pacific Railway Company was placed in the hands of the respondent, Crank, as receiver. Prior to the appointment of the receiver, the company had been operating a horse-car line in the city of Los Angeles, under a lease from the East and West Los Angeles Street Railway Company to the predecessor of the insolvent defendant. The lease provided for the payment of an annual rental of ten thousand dollars, but no payments have ever been made on account thereof, and the receiver is unable to make any payments on account of the lease. The municipal authorities have recently ordered Figueroa Street to be paved, and under the law the horse-car company is required to pave between its tracks, and for two feet on the outside thereof. The receiver, having no funds with which to do the work, presented a petition to the court below, accompanied by a contract for the paving, and providing for payment in certificates to be issued by the receiver of the insolvent railway company. The interveners, who hold a large amount of first-mortgage bonds on the cable line, protested against the issuance of the certificates to pay for paving the street, and asked that in case the certificates were issued, they should be made subordinate to the liens securing the bonds held by them. The court denied their petition, and directed the acceptance of a bid for the work, and approved the contract providing for the issuance of receiver's certificates. To this order the interveners excepted, a bill of exceptions was presented and allowed, notice of appeal was served and filed, and two undertakings on appeal, each in the sum of three hundred dollars, were given.

This is an application for a writ of *supersedeas* to stay the issuance of the certificates pending the appeal.

We think that the application is premature. The court has done nothing thus far except to approve the contract entered into by the receiver for the performance of the

work. That contract provides that "all payments under this contract are to be made in cash, or, at the option of the party of the second part, in receiver's certificates issued by the court. . . . . This contract is made by the parties hereto with the express understanding that the same is subject to the approval of the judge of the superior court."

The court has not directed the issuance of any certificate, nor has it refused to declare that the receiver's certificates, if issued, shall be subordinate to the lien created by the deed of trust. Until the certificates have been issued, and the court has adjudicated that they shall not be subordinate to the lien of the interveners, the latter have no grounds of complaint.

The application is denied.

McFARLAND, J., HARRISON, J., GAROUTTE, J., and SHARPSTEIN, J., concurred.

Subsequently, on the 19th of October, the court rendered the following opinion in this matter, —

PATERSON, J. — In a recent decision in this case we held that the application for a *supersedeas* was premature, and upon that ground denied the motion.

The correctness of the decision is conceded, and appellants consent that the appeal from the order may be dismissed, but are apprehensive that the court below may again refuse to give them a hearing, and deny their right to be heard in opposition to the issuance of receiver's certificates. We are asked, therefore, to so direct the court that they may be heard on the merits of any objection which they may make to further proceedings in the matter.

We do not deem it necessary to make any order, except to dismiss the appeal, but to prevent any misunderstanding, it may be well to state that the interveners are entitled to a hearing in the court below on the question

whether receiver's certificates should be issued to pay for the proposed work.

The motion to dismiss the appeal is granted.

HARRISON, J., GAROUTTE, J., McFARLAND, J., and SHARPSTEIN, J., concurred.